Case 5:25-cv-00220   Document 19   Filed on 12/10/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE FRANCISCO VAZQUEZ-JAIME | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:25-cv-220 |
| | § | |
| KRISTI NOEM *et al.* | § | |

## ORDER

Before the Court is Petitioner Jose Francisco Vazquez-Jaime's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1).[1] For the reasons below, Petitioner's Writ of Habeas Corpus is **GRANTED IN PART** and **DENIED IN PART** (Dkt. No. 1).

## I.   BACKGROUND

This case is among a rapidly increasing number before the Court challenging the federal government's new policy of mandatorily detaining all noncitizens charged with entering the United States without inspection.[2] Petitioner, a Mexican citizen, entered the United States in 2002 (Dkt. No. 1 at 5, ¶ 14; 16, ¶ 78). He married a United States citizen in 2016 and is the stepfather to her four children (Dkt. No. 1 at 5, ¶ 14).

---

[1] The Petition names Orlando Rodriguez, Juan Agudelo, Todd M. Lyons, Kristi Lynn Noem, and Pam Bondi, as respondents in this action. But Warden Rodriguez, "the person who has custody over [Petitioner]" is generally the only properly named respondent. 28 U.S.C. §§ 2242, 2243; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." (citations omitted)).

However, it is the Court's understanding that Federal Respondents' position is that they have detention authority over aliens detained under Title 8 of the United States Code (Dkt. No. 12 at 1). Accordingly, the Court will not dismiss Federal Respondents at this time.

[2] To date, the Undersigned has already granted Petitioner's relief on the merits in seven separate cases. *See Lopez Baltazar v. Vasquez*, 5:25-cv-160, (S.D. Tex. filed Sept. 29, 2025); *Lopez de Leon v. Harlingen Field Office*, 5:25-cv-165 (S.D. Tex. filed Oct. 4, 2025); *Alkis v. Cole*, 5:25-cv-168 (S.D. Tex. filed Oct. 7, 2025); *Almazan Tapia v. Vergara*, 5:25-cv-174 (S.D. Tex. filed Oct. 10, 2025); *Cabrera-Hernandez v. Bondi*, 5:25-cv-197 (S.D. Tex. filed Oct. 29, 2025); *Gonzalez Garcia v. Bondi*, 5:25-cv-226 (S.D. Tex. filed Nov. 20, 2025); *Garcia Puente v. Rodriguez*, 5:25-cv-235 (S.D. Tex. filed Nov. 26, 2025).

1

On September 21, 2025, U.S. Immigration and Customs Enforcement arrested Petitioner at an immigration checkpoint despite showing them his valid Employment Authorization card (Dkt. Nos. 1 at 5, ¶ 20; 1-1 at 11–12). Presently, Petitioner is alleged to be in ICE's custody at the Webb County Detention Center in Laredo, Texas (Dkt. No. 1 at 6, ¶ 21). Following his apprehension, Petitioner was placed in removal proceedings before an Immigration Court (Dkt. Nos. 1 at 6, ¶ 21; 1-1 at 14). On September 5, 2025, the Board of Immigration Appeals ("BIA") issued its decision in *In re Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), which found that section 1225 controls for individuals like Petitioner and held IJs lack the authority to grant bond requests (Dkt. No. 1 at 14–15, ¶ 73). 29 I&N at 221. When seeking bond failed, Petitioner sought the possibility of parole with the Local ICE Enforcement and Removal Operations office, but, citing a lack of parole authority, ICE denied that request (Dkt. No. 1 at 9, ¶ 41).

On November 17, 2025, Petitioner filed this petition for a writ of habeas corpus, alleging he is entitled to a bond hearing, and challenging the administration's interpretation of 8 U.S.C. §§ 1225(b)(2), 1226 (*see* Dkt. No. 1). The Court ordered Respondents to respond in writing, which they timely did (Dkt. No. 12). Based on recent developments, the Court also ordered the parties to file advisories addressing whether Petitioner is a member of the *Maldonado Bautista v. Santacruz, Jr.*, --- F.R.D. ---, 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) certified class (Dkt. No. 15).[3] Petitioner addressed the certified class in his reply, and Respondents timely filed

---

[3] United States District Judge Sunshine Sykes certified a nationwide class under Federal Rule of Civil Procedure 23(b)(2) for aliens "who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista v. Santacruz, Jr.*, 2025 WL 3288403, at *9. The court also granted the named petitioners' motion for partial summary judgment and found that class members are detained under § 1226 rather than § 1225. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at *9–11 (C.D. Cal. Nov. 20, 2025) (finding federal respondents' interpretation of 8 U.S.C. §§ 1225(b)(2), 1226 invalid and granting petitioners' motion for

an advisory (*see* Dkt. Nos. 17, 21). Petitioner advances he is a member of the bond eligible class, as he "does not have lawful status in the United States and is currently detained at the Webb County Detention Center," "entered the United States without inspection over twenty three years ago and was not apprehended upon arrival," and "is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231" (Dkt. No. 17 at 2–3). Respondents agree that Petitioner is a member of the bond-eligible class, and request the Court stay this matter in light of that (Dkt. No. 18 at 2).

Now that the matter is fully briefed, the Court resolves the issues without a hearing. *See* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause why the writ should not be granted, . . . ." (emphasis added)).

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to a petitioner in federal custody in violation of the Constitution or federal law. Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001) (citations omitted), *superseded by statute on other grounds*, Real ID Act of 2005, H.R. 418, *as recognized in Nasrallah v. Barr*, 590 U.S. 573 (2020). Accordingly, challenges to immigration-related detention are within a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.   DISCUSSION

Section 1225(b)(2)(A) mandates detention of undocumented aliens when the

---

partial summary judgment). For the reasons discussed in this Order, Petitioner is a member of this class and entitled to the same relief.

3

"examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. In contrast, section 1226(a) offers discretionary detention for undocumented aliens who are present in the United States and eligible for removal. Under section 1226(a), "[t]he Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General 'may release' an alien detained under § 1226(a) 'on bond or conditional parole.'" *Id.* (citation modified). Importantly, "noncitizens detained under section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order." *See, e.g.*, *Rodriguez v. Bostock*, --- F. Supp. 3d ---, 2025 WL 2782499, at *3 (W.D. Wash. Sep. 30, 2025). The Department of Homeland Security's "longstanding interpretation" is that section 1226 applies to aliens who crossed the border but are not immediately apprehended. *See Savane v. Francis*, --- F. Supp. 3d ---, 2025 WL 2774452, at *5 (S.D.N.Y. Sep. 28, 2025) (citing Tr. of Oral Argument at 44:24–45:2, *Biden v. Texas*, 597 U.S. 785 (2022) (No. 21-954)).

Moreover, in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court described § 1226 as the "default rule" governing "an alien present in the country" pending their removal. 583 U.S. at 288. Indeed, *Jennings* plainly states: "§ 1226 applies to aliens already in the United States," thus undercutting Respondents' characterization of the statutory language at play. *Id.* at 303. The Court would be hard-pressed to classify Petitioner, who has resided in the United States for twenty-three years, as an alien seeking admission both at the time he entered and now (Dkt. Nos. 1 at 5, ¶ 14; 16, ¶ 78).

4

If the Court were to adopt Respondents' position, that would effectively render § 1226(a) useless and run afoul of *Jennings*'s reasoning. *Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *7–8 (D. Ariz. Oct. 3, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097, at *3–4 (S.D. Tex. Oct. 8, 2025).

Many courts have grappled with this issue in the preceding months, including the Southern District of Texas. For example, United States District Senior Judge Lee H. Rosenthal recently rendered a decision, succinctly concluding "that § 1226, not § 1225, applies to [petitioner's] detention." *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025). Of course, this Court is not bound by Judge Rosenthal's decision.[4] *Camreta v. Greene*, 563 U.S. 692, 701 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation omitted)). However, the Court nonetheless is persuaded by Judge Rosenthal's reasoning. Judge Rosenthal's opinion indicates a strong consensus amongst the district courts regarding the interpretation of sections 1225 and 1226. *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (collecting cases); *see also Rodriguez*, 2025 WL 2782499, at *3 (noting the widespread agreement by district courts concluding "the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice"). Based on the abundance of cases[5]

---

[4] In a hearing before United States District Judge John A. Kazen, the Government declined to defend its position on this issue, stating "[g]iven the ruling in [*Buenrostro-Mendez*] your Honor, I am hesitant to argue our position vehemently before this court, and basically would rest on our brief" (Hr'g at 01:40:22–1:40:39). Respondents advise that *Buenrostro-Mendez* is on appeal; however, they have not articulated any reason for the Court to reevaluate its position.

[5] The Court is aware of four cases outside this district that went the other way: *Vargas Lopez v. Trump*, --- F. Supp.3d --- , 2025 WL 2780351 (D. Neb. Sept. 30, 2025); *Chavez v. Noem*, --- F. Supp. 3d. ---, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Garibay Robledo v. Noem*, 1:25-cv-177-H, slip. op.

that have already addressed these arguments and the Government's apparent timid approach in the *Covarrubias* matter, the Court declines to restate the in-depth analysis provided by these courts but stands in agreement. *Choglio Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541, at *5 (D. Me. Sep. 22, 2025) (describing the abundance of "persuasive" and "well-reasoned" opinions on this issue by district courts across the country).

Accordingly, the Court finds section 1226 applies to Petitioner's detention.[6] As found by nearly every other district court to address this issue, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" make clear section 1226 applies here. *Buenrostro-Mendez*, 2025 WL 2886346, at *3.

## IV. CONCLUSION

Petitioner's Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED IN PART** and **DENIED IN PART**. Respondents are **ORDERED** to provide Petitioner with a bond hearing pursuant to § 1226 no later than **December 15, 2025.** To the extent the Petition seeks Petitioner's release, it is **DENIED** at this time.

Respondents' Motion to Dismiss, and in the Alternative, for Summary Judgment (Dkt. No. 12) is **DENIED**.

---

(N.D. Tex. Oct 24, 2025); and *Barrios Sandoval v. Acuna*, 6:25-cv-01467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025). Additionally, this Court is aware of at least one district judge in the Southern District of Texas who recently held in Respondents' favor. *Cabanas v. Bondi*, No. 4:25-CV-04830, 2025 WL 3171331, at *8 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.). The Court is not compelled by these cases, and instead, finds that the weight of the authority plainly lies on the other side.

[6] Although Petitioner raises both statutory and constitutional grounds, the Court declines to decide the due process claims as the Court grants relief based on the applicability of section 1226(a) alone. *See Pizarro Reyes v. Raycraft*, No. 25-cv-12546 (RJW), 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025).

It is so **ORDERED**.

**SIGNED** December 10, 2025.

                                                  Marina Garcia Marmolejo
                                                  United States District Judge